**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TAG EDWARD ALTHOF,

        Plaintiff - Appellant,

v.

MICHAEL F. GOWER, Assistant
Director, Operations Division; et al.,

        Defendants - Appellees.

No. 15-35213

D.C. No. 6:12-cv-00091-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted January 18, 2017[**]

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

    Tag Edward Althof appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging an Eighth Amendment excessive force claim against prison officials. We have jurisdiction under 28 U.S.C. § 1291.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We review de novo. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment for defendants Gower, Premo, and Yoder because Althof failed to raise a genuine dispute of material fact as to whether these defendants participated in, directed, or knowingly failed to prevent the alleged constitutional violations. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (setting forth requirements for establishing supervisory liability under § 1983).

However, the district court erred in granting summary judgment for defendants Kittleson and Blachly on Althof's claim for monetary damages because the district court improperly disregarded statements in Althof's verified complaint and affidavit opposing summary judgment. For example, according to Althof, after he turned his head to one of the officers to address the fact that the officer was "manhandling me and purposely causing me pain," he was "slamm[ed] . . . against the wall forcibly." He alleges that while being escorted his arms were lifted behind his back causing pain that was "unbearable," despite having previously told one of the officers of a prior shoulder injury. Althof disputes the officer's account that he attempted to run away, and contends that leg restraints were applied so tightly that they cut into his flesh. Althof alleges injuries, including extreme physical pain and

nerve damage, as a result of these events.

Thus, viewing the evidence in the light most favorable to Althof, Althof raised a genuine dispute of material fact as to whether defendants maliciously and sadistically used force against him. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (holding that "the core judicial inquiry" in resolving an Eighth Amendment excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm"); *Furnace*, 705 F.3d at 1026 (a court reviewing a summary judgment motion must "assume the truth of the evidence set forth by the nonmoving party"). Moreover, summary judgment on the basis of qualified immunity was also improper because, viewing the facts in the light most favorable to Althof, there is a genuine dispute of material fact as to whether it would have been clear to every reasonable official that Kittleson and Blachly's actions violated Althof's constitutional rights. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 741 (2011) (discussing qualified immunity and noting that a right is clearly established only if "every reasonable official would have understood that what he is doing violates that right" (citation and internal quotation marks omitted)). Accordingly, we reverse and remand for further proceedings on the claim for monetary damages against defendants Kittleson and Blachly.

15-35213

The parties shall bear their own costs on appeal.

**AFFIRMED in part; REVERSED in part; and REMANDED.**